ALFRED PACELY et al. *v.* E. G. MOHLER.

Landlord and Tenant — Distress for Rent — Replevin Bond — Code of 1871,
        Section 1621.

 A bond given by a tenant, under section 1621 of the Code of 1871,
to replevy property seized in attachment for rent, is not the proper
foundation for an award of execution on motion as provided in section
1625 of said Code, unless it obligates absolutely for the payment of the
rent claimed and is certain as to whether rent is due or not.[1]

E. G. Mohler sued out a distress warrant for rent against Alfred
Pacely, under section 1620 of the Code of 1871, and it was levied

1

 *   *   *   "And if the tenant or owner of the goods distrained shall not,
before the time appointed for the sale, replevy the same by giving bond with
security, to be approved by such officer, payable to the plaintiff in such attach-
ment in double the amount claimed, conditional for the payment of the rent
claimed, with lawful interest for the same and all costs, at the end of three
months after making such distress, the said officer shall sell the goods and
chattels so distrained at public sale to the highest bidder for cash."   *   *   *

on property on the leased premises. Pacely gave bond under section 1621 of said Code. The bond was in the following form: "Know all men by these presents, that we, Alfred Pacely and A. McDonald and J. S. Hays, are held and firmly bound unto E. G. Mohler, his heirs and assigns, in the sum of $160, for the payment of which sum well and truly to be made we bind ourselves and legal representatives; witness our hands and seals this 7th day of December, 1878.

"The condition of the above obligation is such that, whereas, the above named E. G. Mohler sued out a writ of attachment for rent in arrears for the sum of $80 against Alfred Pacely, and the same was levied by the deputy sheriff of said Wayne county upon one bale of cotton, four hundred pounds of seed cotton and a lot of corn and fodder, all valued at $64.50. And whereas, the said Alfred Pacely desires to replevy the same for three months from this date. Now therefore, if the said Alfred Pacely and his sureties shall at the expiration of three months, pay and satisfy

Code of 1871, § 1621. See also Code of 1880, § 1303; Code of 1892, § 2509; Code of 1906, § 2845.

The attachment is in the nature of an execution for a money demand, and is not the beginning of a suit. Towns *v.* Boarman, 23 Miss. 186.

The form of bond required in preceding section is found in section 2509, Code of 1892, and section 2846, Code of 1906.

'Every replevin bond, taken in pursuance of this chapter, shall mention that the same was entered into for goods or other estate distrained for rent, and restored to the debtor, and shall be forthwith delivered to the lessor, for whom distress was made; and if the money shall not be paid, according to the condition of such bond, any court having jurisdiction of the amount thereof shall, on motion, award execution against the obligors therein, said bond being filed in such court, and five days' notice given of such motion." Code of 1871, § 1625. Changed in Code of 1880, § 1312; Code of 1892, § 2518; Code of 1906, § 2856.

A separate suit cannot be maintained on the bond. It can be put in judgment in the replevin suit only. McKinney *v.* Green, 52 Miss. 70.

The replevin is the beginning of the suit. Towns *v.* Boarman, 23 Miss. 186.

The ordinary action of replevin does not apply. Maxey *v.* White, 53 Miss. 80.

This is true whether the property be found on the leased premises or not. Kendrick *v.* Watkins, 54 Miss. 495.

The Circuit Court, to which the return should be made, is the Circuit Court of the county of which the justice of the peace who issued the attachment is an officer. Hauser *v.* Robbins, 61 Miss. 551. See also Code of 1880, § 1316; Code of 1892, § 2528; Code of 1906, § 2866.

all such rents as may be due to said E. G. Mohler (if any be due), then the obligation to be void; otherwise to remain in full force and effect."

On motion of the plaintiff execution was awarded in the justice of the peace court and defendants appealed to the Circuit Court, where execution was again awarded on the motion of the plaintiff, and defendants appeal.

APPEALED from Circuit Court, Wayne county, JAMES S. HAMM, Judge.

Reversed and new trial awarded, February 28, 1881.

*Attorney for appellant, S. H. Terral.*

*Attorney for appellee, J. L. Morris.*

Brief of S. H. Terral:

One of the points desired to be raised in this case is whether the bond in the record is the bond required by section 1621, Code 1871, upon which execution may be awarded under section 1625, or whether it is another and different character of bond.

It differs from the statutory bond mentioned in section 1621 in two respects; first, it is not payable three months after distress made, but is payable three months after its execution, and, secondly, it is not conditioned to pay the distrainer "the rent claimed," to wit: $80, but is conditioned to pay him all such rents as may be due, if any be due.

We take it to be clear that the remedy on this bond is not by motion, but by suit on it, as on any other common law obligation. 57 Miss. 606.

It appears from the affidavit, distress warrant, and levy, which however are no part of this record, for the bill of exceptions shows that the bond only was offered in evidence, that there had been a proceeding for rent, but the bond neither settles nor pretends to settle, the claim in any way, nor does it show that the parties had come to any settlement; it simply provides a security for any rent that may be due. It is evident from reading the statute that a rent bond under it should acknowledge the claim as propounded, or a specified sum due as rent, and should be for the property

restored to the debtor. The bond in this case does neither the one nor the other. While it recites that Mohler claimed $80 due as rent, it made no acknowledgment of any rent being due at all, and omits wholly to mention "that the same was entered into for goods distrained for rent, and restored to the debtor," as required by section 1625.

*Modus et conventio vincunt legem* is a settled maxim, which means that agreements entered into between parties have, when executed, the force of law over those who are parties to such agreements. The parties in this case have contracted for themselves, they are presumed capable of doing so, and have put their contract in writing, and they are bound only by the terms of it, and according to those terms. The parties, defendants below, have not stipulated to pay $80; they have covenanted to pay Mohler all rents that may be due him, if any be due. They have not stipulated to pay the rent claimed, but what may or might be due. The omission of the amount and the expression of the covenant in a conditional manner, except the bond out of the statute, as a statutory bond for rent. The words of this bond are neither uncertain nor ambiguous, and the intention of the parties, if drawn from their words, is neither uncertain nor ambiguous, and in such case their language is to be expounded according to the apparent import, and in its primary strict sense. 2 Story on Con. § 639.

The court will not depart from the primary strict meaning of the words, for that would not be enforcing, but making a contract for the parties. "*Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba frenda est.*" Law Maxims, Broom.

The recitals of this bond surely enlarge the condition of it; in fact the recitals are as consistent with the condition to pay any rent that may be found to be due as they would be with a condition to pay a specified sum. If the court could indulge any speculation as to any supposed intention of the parties, not expressed in the contract, it would be as reasonable a supposition as any other, that the parties in this case, being in dispute as to whether any rent at all was due, agreed upon the execution of this bond to submit the question of indebtedness to some tribunal for the performance of whose sentence, if adverse to Pasely, the bond should provide a security.

It may be that Mohler could have proceeded against the officer, 57 Miss. 606, notwithstanding the bond, holding the officer re-

sponsible for the property seized under the attachment, but when he accepted the bond, he accepted it with its terms as therein written, and is as much bound by them as if chosen by himself.

In Pack v. Thomas, 13 S. & M. 18, C. J. Sharkey says: "The law presumes that the parties mean exactly what they have said in writing, and that they have said all that was intended, and it is dangerous to relax the rule which holds them to their written contracts. 13 S. & M. 18.

In Gerard v. Clifton, 7 T. R. 676, the court utterly repudiates the idea that it could depart from the letter of a written contract, Chief Justice Kenyon saying: "The parties have met in the construction of a solemn instrument, in which their respective rights and duties are clearly prescribed, and we cannot substitute any other contract in lieu of that into which they have entered." 7 T. R. 679.

We insist that it was perfectly competent for Mohler, the distrainer to accept the bond given in discharge of the rent proceedings, and having made his selection, he is entitled to such rights and remedies, only, as are secured by its strict letter. Pacely and his sureties have not obligated to pay $80 rent, and they are not bound further than the words of their bond fairly import. We respectfully submit the judgment below is erroneous, and should be reversed and the case dimissed.

Brief of J. L. Morris:

It is assigned for error, that the three months' replevin bond, under section 1621, Code 1871, is void for want of form.

To meet this objection, for this is all that plaintiff assigns for error, there are several cases in our reports which apply the doctrine of estoppel to the obligators in such a bond, to deny that the rent is due. Robinson v. White, 7 S. & M. 39.

In that case, the omission, even to recite in the bond to whom the rent was due, was held insufficient to nullify the bond. In the bond under consideration, the justice of the peace made an ignorant blunder, and inserted in brackets "[if any rent be due]." Of course these words, being repugnant to the obvious meaning and intention of the bond, they will be treated as surplusage; precisely as if I were to say, "For value received I promise not to pay $100," etc. The bond performed its functions in taking the distrained property from the officer and of staying the rent due under the

distrainment, three months.  Plaintiff in error was the moving or acting party, and it was his duty to give a valid bond under the statute.  He enjoyed its benefits, and then is he to be heard to deny its validity for want of form, even if it it invalid, but it is not.  The circumstances under which it was given, the object for which and the general context of the paper, bring the familiar rules of interpretation—if it needed any—in favor of upholding such instruments fairly to its support.

If he had any defense against the rent claim, any equities to maintain, damages to recoup, or other defense, he should have availed himself of his writ of replevin, making himself plaintiff in the justice's court, under Code 1871, according with the well established doctrines and directions as set forth in Maxey *v.* White, 53 Miss. 81.

In proceedings from justices of the peace, mere inaccuracies of matters of form do not vitiate if no injustice has been done.  That is the tendency, in fact, I may say the well settled doctrine of this State, as might be shown by reciting a number of cases.  I think it unnecessary.  No act of the court below alleging any injustice has been assigned for error.  On this latter point the remark may be made, that the learned and upright judge who had all the original papers before him in hearing the motion for execution on the bond, was in a better position to scan the whole question, because, as the record will show, that at a subsequent term a motion was sustained to substitute the papers of which this record is made up, the originals having been destroyed by fire.

If he had any case to test, he ignored it by not availing himself of his proper remedy as suggested above, or by suing on the original bond.  He is, or ought to be, out of court, and is only delaying a just debt.

OPINION.—CAMPBELL, J.:

The bond, which is the foundation of this proceeding, is not in conformity to section 1621 of the Code of 1871, because it is not "conditional for the payment of the rent claimed," but for the payment "of such rent as may be due (if any be due)."  The bond contemplated by the statute is one which obligates absolutely for the payment of the rent claimed, and precludes any controversy as to that, so as to entitle the landlord to an award of execution

upon it. It as conclusively settles that amount of the claim for rent as a judgment for the rent would. This bond does not obligate absolutely for the rent claimed, but leaves it uncertain whether any rent is due, and binds only to pay such rent as may be due. It is not the proper foundation for an award of execution on motion, as provided by section 1625 of the Code of 1871.

If the bill of exceptions showed that evidence was introduced to establish the amount of rent due from Pacely to Mohler, and judgment was given on the bond for the sum shown to be due, we would not disturb such judgment, because this proceeding having been commenced before a justice of the peace, it is precisely as if an ordinary suit had been instituted on the bond. The evidence of debt was lodged with the justice, the motion served as a statement of the cause of action, the defendants, obligors in the bond, were summoned, and their right to defend in all respects, as in any action, existed. It might have been treated on appeal in the Circuit Court as an action on the bond, and upon the plaintiff producing evidence of what rent is due him from Pacely, he might have had judgment for it, but the bill of exceptions shows that he introduced the bond and rested his case on that. This did not entitle him to judgment or an award of execution. The plaintiff may yet proceed as herein indicated.

*Judgment reversed* and cause remanded for a new trial in the Circuit Court.